

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 27, 1967

Thomas C. Green, P.E.                    Opinion No. M-174
Member Secretary
Texas State Board of Registration        Re:  Reconsideration of At-
  for Professional Engineers                  torney General's Opinion
Austin, Texas                                 M-30, and/or a clarifica-
                                              tion of same, in relation
                                              to the licensure of an
                                              individual under the stated
Dear Mr. Green:                               fact situation.

        In your request for an opinion from this office you state
the following:

        "In Attorney General's Opinion No. M-30
    (1967) it was held that under the terms of
    Section 12(a) of Article 3271a, Vernon's Civil
    Statutes, the Texas Engineering Practice Act,
    the State Board of Registration for Professional
    Engineers did not have the power to amend its
    rules to permit the licensing of persons who
    hold a degree other than one evidencing grad-
    uation from an approved course in engineering.

        "Since the decision in Attorney General's
    Opinion No. M-30 (1967), a situation has arisen
    in connection with the application for licensure
    by an individual whereby the Board feels that it
    must seek a reconsideration of Attorney General's
    Opinion M-30 (1967) and/or a clarification of the
    same as it applies to the specific facts in the
    case now before the Board for consideration.

        "An individual recently applied to the
    Texas State Board of Registration for Professional
    Engineers for licensure as a professional en-
    gineer pursuant to the provisions of Article
    3271a, Section 12(a).  This individual graduated
    from Texas Tech in 1960 and received a Bachelor

-840-

of Science in Agriculture with the notation on the diploma that his major was in Agricultural Engineering. (A copy of the diploma is attached) Shortly after the graduation of this individual, he took and passed the examination for certification of 'Engineer-in-Training' pursuant to Section 12a of Article 3271a.

"In view of the decision in Attorney General's Opinion No. M-30 (1967), the Board questions that it would be authorized to license this individual, but the Board would like to request for the Attorney General's Office to reconsider Attorney General's Opinion No. M-30 (1967) in connection with the factual situation set forth above, and to set forth its opinion as to whether a Bachelor of Science degree in Agriculture with the notation on the diploma that the major was in Agricultural Engineering is such a degree as would authorize the Board to license an individual pursuant to Section 12(a) of Article 3271a."

It is our opinion that Attorney General's Opinion M-30 (1967) is correct under the facts contained therein. However, the facts in the present proceeding present a different situation. In Paragraph (a) of Section 12 of Article 3271a, Vernon's Civil Statutes, concerning the general requirements for registration, it is stated:

"Sec. 12. The following shall be considered as minimum evidence satisfactory to the Board that the applicant is qualified for registration as a professional engineer, to-wit:

"(a) Graduation from an approved course in engineering of four (4) years or more in a recognized school or college approved by the Board as of satisfactory standing, and a specific record of an additional four (4) years or more of active practice in engineering work, of a character satisfactory to the Board, indicating that the applicant is competent to be placed in responsible charge of such work; . . ."

The Executive Vice-President of Texas Technological College has advised us that its program in agricultural engineering has been accredited by the Engineers' Council for

Professional Development. The applicant's degree shows on its face that his major was agricultural engineering. Therefore, if the applicant is otherwise qualified under the requirements of said Paragraph (a) of Section 12 of Article 3271a, the Texas State Board of Registration for Professional Engineers is authorized to license the applicant.

### S U M M A R Y

Where the applicant's degree recites that his major was in agricultural engineering and he is otherwise qualified under the requirements of paragraph (a) of Section 12 of Article 3271a, Vernon's Civil Statutes, the Texas State Board of Registration for Professional Engineers is authorized to license the applicant.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
James Quick
Alan Minter
Sam Kelley

A. J. CARUBBI, JR.
Staff Legal Assistant